UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

MIGUEL C. GOMEZ and SONIA BARAJAS,

           Plaintiffs,

    v.

WELLS FARGO HOME MORTGAGE, et al.,

           Defendants.

_____/

No. C 11-01725 LB

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT WITH LEAVE TO
AMEND**

## I. INTRODUCTION

Miguel C. Gomez and Sonia G. Barajas (collectively, "Plaintiffs") sued Wells Fargo Home Mortgage ("Wells Fargo"), First American Trustee Servicing Solutions, LLC ("First American"), HSBC Bank ("HSBC"), and RMR Financial ("RMR") (collectively, "Defendants") in state court, alleging violations of federal and state law in connection with the issuance of a mortgage loan and the subsequent foreclosure and trustee's sale of their property in Concord, California. Complaint, ECF No. 1 at 24.[1] The gist of the complaint is that Plaintiffs were fraudulently induced to take a loan they could not afford and thereafter Defendants wrongfully foreclosed on the property. In the complaint, Plaintiffs assert the following specific claims: (1) violation of the Real Estate Settlement

_____

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Procedures Act ("RESPA"), 12 U.S.C. § 2605; (2) violation of the Fair Debt Collection Practices

2   Act ("FDCPA"), 15 U.S.C. § 1692; (3) violation of the Rosenthal Fair Debt Collection Practices Act

3   ("Rosenthal Act"), California Civil Code § 1788.17; (4) Breach of Covenant of Good Faith and Fair

4   Dealing; (5) Injunctive Relief; (6) Declaratory Relief; (7) Fraud; (8) Wrongful Foreclosure; (9)

5   Intentional Misrepresentation; (10) violation of California's Unfair Competition Law ("UCL"),

6   California Business & Professions Code § 17200; (11) violation of California Civil Code § 1572;

7   and (12) Quiet Title. *Id* at 18. Wells Fargo removed the case to federal court. Notice of Removal,

8   ECF No. 1 at 1-3. Plaintiffs failed to serve HSBC and RMR, and on August 15, 2011, those two

9   entities were dismissed from the case, leaving Wells Fargo and First American as the only remaining

10  Defendants. ECF No. 29.

11      Wells Fargo and First American filed separate motions to dismiss Plaintiffs' complaint under

12  Federal Rules of Civil Procedure 12(b)(6), 9(b) and 8(a) and (d). Motion to Dismiss (Wells Fargo),

13  ECF No. 4; Motion to Dismiss (First American), ECF No. 8.

14      Pursuant to Civil Local Rule 7-1(b), the court finds that these matters are suitable for

15  determination without oral argument and vacates the December 1, 2011 hearing. For the reasons set

16  forth below, the court GRANTS Defendants' motions to dismiss. Plaintiffs have fourteen days to

17  file an amended complaint.

## II.  BACKGROUND

19      The relevant facts, taken from Plaintiffs' complaint and documents of which Defendants request

20  judicial notice, are as follows.[2]

21  _____

22      [2] Defendants request that the court take judicial notice of the following documents: (1) the
    Deed of Trust recorded in the Official Records of Contra Costa County on April 6, 2006, as

23  Document Number 2006-0106499; (2) a Substitution of Trustee recorded in the Official Records of
    Contra Costa County on November 12, 2010, as Document Number 2010-0254534; (3) a Notice of

24  Default, recorded in the Official Records of Contra Costa County on November 19, 2010, as
    Document Number 2010-0262142; and (4) a Notice of Trustee's Sale, recorded in the Official

25  Records of Contra Costa County, as Document Number 2011-0040571. Wells Fargo RJN, ECF No.

26  4-1 at 1-3; First American RJN, ECF No. 9 at 1-2. Plaintiffs did not oppose either request and filed
    no objections challenging the authenticity of any of these documents.

27      The court may take judicial notice of matters of public record without converting a motion to

28

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB                                    2

1   Plaintiffs purchased a home at 159 Roslyn Drive, Concord, California, on March 30, 2006.

2   Complaint, ECF No. 1 at 24, ¶ 1; 26, ¶ 9.  To fund the purchase, Plaintiffs borrowed $504,000 from

3   RMR.  Deed of Trust, ECF No. 4-1 at 5.  Plaintiffs allege that RMR represented to them that they

4   could get approved for a loan notwithstanding their bad credit.  Complaint, ECF No. 1 at 25, ¶ 8.

5   But in so representing, RMR did not disclose that Plaintiffs' initial loan payment would exceed their

6   monthly income.  *Id.*  Plaintiffs also allege that the servicing rights to the loan were transferred from

7   RMR to Wells Fargo at some point.  Complaint, ECF No. 1 at 25, ¶ 11.

8   On November 5, 2010, First American was substituted as trustee under the Deed of Trust.

9   Substitution of Trustee, ECF No. 4-1 at 21; *see* Complaint, ECF No. 1 at 26, ¶ 12.  Shortly

10   thereafter, on November 19, 2010, Plaintiffs received a Notice of Default from First American that

11   informed them that their property was in foreclosure because they were $40,427.19 behind on their

12   mortgage payments.  Complaint, ECF No. 1 at 26, ¶ 12; Notice of Default, ECF No. 4-1 at 24-25.

13   From here, what happened is not clear from the complaint.  Plaintiffs apparently did not make any

14   loan payments.  *See* Complaint, ECF No. 1 at 28, ¶ 18 (apparently acknowledging the lack of

15   payment, but asserting this was not a "default" because non-payment was excused by Defendants'

16   breach).  Plaintiffs allege conclusorily that the "foreclosure sale of the Subject Property was not

17   executed in accordance" with California law.  *Id.* at 29, ¶ 22.  First American's motion to dismiss,

18   however, suggests that no foreclosure sale has taken place.  Motion to Dismiss (First American),

19   ECF No. 8 at 11.

20   On March 11, 2011, Plaintiffs filed this lawsuit, alleging the following wrongs:

21   • Defendants: (1) engaged in a fraudulent scheme to make Plaintiffs take out an unconscionable, above-market rate loan that they knew Plaintiffs could not afford; (2) falsely represented to

22   Plaintiffs that they could not qualify for any other financing; and (3) illegally took funds from Plaintiffs by virtue of an "undisclosed yield spread premium" in which all Defendants shared a

23   certain percentage.  Complaint, ECF No. 1 at 28, ¶¶ 16, 17.

24   • Defendants breached the terms of the note, thereby excusing Plaintiffs' obligations under it.  *Id.*

25   ────────────────

26   dismiss into a motion for summary judgment.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  Because all of the documents are public records, the court may properly take judicial notice

27   of the undisputable facts contained in them.  *See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201(b).

28

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

3

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   at 28, ¶ 18.

2   •   Plaintiffs' loan was "sold on multiple occasions, bundled into a group of 'Trust Deeds,' and
        subsequently sold to investors as a Derivative, 'Mortgage Backed Security,'" and, because of
3       this, none of the Defendants owned the loan or had a right to foreclose on the property. *Id.* at 29,
        ¶ 19.

4
    •   The foreclosure sale is invalid because (1) the assignment of the Note by RMR to Wells Fargo
5       was invalid and did not convey the power of sale to Wells Fargo; (2 )First American did not have
        written authorization to foreclose against the property; (3) Defendants lack standing to conduct a
6       non-judicial foreclosure sale; and (4) even if they did, the foreclosure sale was not executed in
        accordance with California Civil Code §§ 1624, 2923.5, and California Commercial Code § 3302
7       *et. seq. Id.* at 29, ¶¶ 21-24; 30, ¶ 25; 39, ¶¶ 76-90.

8                                    **III.  LEGAL STANDARD**

9           Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that

10   the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must therefore provide a

11   defendant with "fair notice" of the claims against it and the grounds for relief.  *See Bell Atlantic*

12   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation and citation omitted).

13          A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does

14   not contain enough facts to state a claim to relief that is plausible on its face.  *See Twombly*, 550 U.S.

15   at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

16   to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*

17   *Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability

18   requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

19   (quoting *Twombly*, 550 U.S. at 557).  "While a complaint attacked by a Rule 12(b)(6) motion to

20   dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of

21   his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

22   the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to

23   relief above the speculative level."  *Twombly,* 550 U.S. at 555 (internal citations and parentheticals

24   omitted).

25           In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true

26   and construe them in the light most favorable to the plaintiff.  *See id*. at 550; *Erickson v. Pardus*, 551

27   U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).  In

28

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

4

**UNITED STATES DISTRICT COURT**
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1  addition, courts may consider documents attached to the complaint. *Parks School of Business, Inc.*

2  *v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). If the court dismisses the

3  complaint, it should grant leave to amend even if no request to amend is made "unless it determines

4  that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203

5  F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California*

6  *Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

7                                    **IV. DISCUSSION**

8       Because this court's jurisdiction hinges on the existence of a viable federal claim, the court turns

9  first to Plaintiffs' RESPA and FDCPA claims.

10  **A. Plaintiffs' Federal Claims**

11       1. Plaintiffs' First Claim: RESPA

12       RESPA protects home buyers "from unnecessarily high settlement charges by certain abusive

13  practices." 12 U.S.C. § 2601(a). It provides plaintiffs with a private right of action for three types

14  of wrongful acts: "(1) payment of a kickback and unearned fees for real estate settlement services,

15  12 U.S.C. § 2607(a), (b); (2) requiring a buyer to use a title insurer selected by a seller, 12 U.S.C. §

16  2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights

17  or to respond to a qualified written request for information about a loan, 12 U.S.C. § 2605(f)."

18  *Choudhuri v. Wells Fargo Bank, N.A.,* No. C 11-00518 SBA, 2011 WL 5079480, at *8 (N.D. Cal.

19  Oct. 25, 2011) (citing *Patague v. Wells Fargo Bank, N.A.,* No. C 10-03460 SBA, 2010 WL 4695480,

20  at *3 (N.D. Cal. Nov. 8, 2010)).

21       Plaintiffs allege that Defendants violated RESPA by committing the first and third types.

22  Specifically, they allege that "Defendants" charged unlawful yield spread fees in violation of 12

23  U.S.C. § 2607(a)[3] and that Wells Fargo, HSBC, and First American did not notify them when the

24

25

_____

26       [3] 12 U.S.C. § 2607(a) prohibits the acceptance of "any fee, kickback, or thing of value
pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a
27  real estate settlement service involving a federally related mortgage loan shall be referred to any
person."
28

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

UNITED STATES DISTRICT COURT
For the Northern District of California

1   servicing rights to their loan were transferred as required by 12 U.S.C. § 2605(b).[4]  Complaint, ECF

2   No. 1 at 41, ¶¶ 93-94.

3       Defendants argue that Plaintiffs' claim fails for several reasons.  First, Wells Fargo argues that

4   Plaintiffs' claim fails because it does not differentiate between any of the Defendants and, thus, does

5   not adequately notify each Defendant as to what it supposedly did wrong.  Motion to Dismiss (Wells

6   Fargo), ECF No. 4 at 21.  The court agrees.  Under Rule 8(a), grouping multiple defendants together

7   in a broad allegation is insufficient to provide those defendants with fair notice of the claims against

8   them and the grounds for relief.  *See In re Sagent Technology, Inc.*, 278 F. Supp. 2d 1079, 1094-95

9   (N.D. Cal. 2003); *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).  Plaintiffs did

10  exactly that with respect to their yield spread fees allegation.[5]

11      Second, Wells Fargo argues that Plaintiffs failed to allege actual damage caused by the failure to

12  notify Plaintiffs of the transfer of servicing rights.  Motion to Dismiss (Wells Fargo), ECF No. 4 at

13  21.  Again, the court agrees.  Under RESPA, a plaintiff may recover any actual damage as a result of

14  the failure to provide the required notice, as well as "any additional damages, as the court may

15  allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in

16  an amount not to exceed $1,000."  12 U.S.C. § 2605(f)(1).  But here, Plaintiffs never allege that they

17  were actually harmed by the failure to receive such notice.

18      Third, First American points out that it is a trustee, not a "servicer," to the loan, and so Plaintiffs'

19  claim for violation of 12 U.S.C. § 2605(b) – which requires "[e]ach servicer of any federally related

20  mortgage loan [to] notify the borrower in writing of any assignment, sale, or transfer of the servicing

21  of the loan to any other person" – does not apply to it.  Motion to Dismiss (First American), ECF

22  No. 8 at 18.  The court agrees.  A "servicer" is defined as "the person responsible for servicing of a

23

24      [4] The complaint alleges violations of 26 U.S.C. § 2605(b), but apparently this is a
    typographical error because the relevant statute is 12 U.S.C. § 2605(b).  12 U.S.C. § 2605(b)
25  provides that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in
    writing of any assignment, sale, or transfer of the servicing of the loan to any other person."
26

27      [5] Indeed, Plaintiffs rarely differentiate between Defendants in their complaint.  *See*, *e.g.*,
    Complaint, ECF No. 1 at 41, ¶¶ 93-94, 101; 42, ¶ 104; 43, ¶ 112.
28

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1   loan (including the person who makes or holds a loan if such person also services the loan)," and

2   "'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the

3   terms of any loan . . . ." 12 U.S.C. § 2605(i)(2) & (3).  Numerous courts have held that RESPA's

4   notice requirements do not apply to trustees.  *See, e.g., Jacobson v. Balboa Arms Drive Trust No.*

5   *5402 HSBC Financial Trustee*, No. 10-CV-2195-JM (RBB), 2011 WL 2784126, at *7 (S.D. Cal.

6   Apr. 4, 2011) ("It is clear from the plain language of the statute that Trustee Corps, as trustee on the

7   Deed of Trust, is not bound by § 2605's disclosure requirements.  Therefore, no RESPA cause of

8   action can be stated against Trustee Corps for failing to notify Plaintiffs of the Substitution of

9   Trustee.").  Here, while Plaintiffs allege that First American is a loan servicer, they offer no facts to

10  support this conclusion.  *See* Complaint, ECF No. 1 at 41, ¶ 94.[6]  Accordingly, Plaintiffs' claim

11  against First American fails.

12       Fourth, even if it was more sufficiently pled, Defendants argue that Plaintiffs' RESPA claim is

13  time-barred.  Motion to Dismiss (Wells Fargo), ECF No. 4 at 20; Motion to Dismiss (First

14  American), ECF No. 8 at 18.  Under RESPA, claims brought under § 2607 are subject to a one-year

15  statute of limitation, while claims brought under § 2605 are subject to a three-year statute. 12 U.S.C.

16  § 2614.  Thus, where a plaintiff alleges that a defendant charged unlawful yield spread fees, he or

17  she must initiate suit within one year of the alleged violation, and where a plaintiff alleges that a

18  defendant failed to provide proper notice to him upon the transfer of loan servicing, he or she must

19  initiate suit within three years of the alleged violation.  Plaintiffs' loan closed in March 2006 (when

20  the allegedly unlawful yield spread fees would have been charged), but they did not file suit until

21  March 2011, roughly five years later.  With respect to the notice violation, Plaintiffs did not state

22  when the servicing rights were allegedly transferred, so the court does not know when the violation

23  occurred.

24       Even if Defendants are correct, though, equitable tolling of the statutes of limitations may be

25  appropriate if, "despite all due diligence, a plaintiff is unable to obtain vital information bearing on

26  

27       [6] The Substitution of Trustee submitted by First American, however, suggests that First
    American is a trustee, not a loan servicer.  Substitution of Trustee, ECF No. 4-1 at 21.

28  

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

1  the existence of his claim."  *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000);

2  *Ancheta v. Golden Empire Mortg., Inc.*, No. 10–CV–05589–LHK, 2011 WL 826177, at *5 (N.D.

3  Cal. Mar. 7, 2011) ("Although the Ninth Circuit has not decided whether or not equitable tolling

4  applies to RESPA claims, the court applies the principles announced by the Ninth Circuit regarding

5  equitable tolling of TILA claims.").  Plaintiffs did not allege any facts to support the tolling of the

6  statutes of limitation, but the court cannot say at this point that they could not do so.

7       Accordingly, Plaintiffs' RESPA claim is dismissed without prejudice.

8            2.  Plaintiffs' Second Claim: FDCPA

9       Plaintiffs' second claim alleges that Defendants violated the FDCPA**.**  Complaint, ECF No. 1 at

10  42, ¶¶ 98-102.  Plaintiffs allege that all Defendants are "debt collectors" under the FDCPA and that

11  Plaintiffs requested validation of the "debt" under the act on more than one occasion but none of the

12  Defendants responded to their requests.  *Id.* at 42, ¶¶ 99-100.

13       Defendants argue that the claims should be dismissed for two reasons: (1) they are not "debt

14  collectors" within the FDCPA; and (2) even if they were, performing a non-judicial foreclosure is

15  not "debt collection" as defined by the FDCPA and the Rosenthal Act.  Motion to Dismiss; Motion

16  to Dismiss (Wells Fargo), ECF No. 4 at 22-23; Motion to Dismiss (First American), ECF No. 8 at

17  19-20.

18       To state a claim under the FDCPA, "a plaintiff must allege facts that establish the following: (1)

19  the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant

20  attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant

21  has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA."

22  *Adesokan v. U.S. Bank, N.A.,* No. 11-cv-01236-LJO-SKO, 2011 WL 5341178, at *4 (E.D. Cal. Oct.

23  31, 2011) (citing *Frazier v. Absolute Collection Serv., Inc.,* 767 F.Supp.2d 1354, 1363

24  (N.D.Ga.2011).

25       The FDCPA defines "debt collector" as one who collects consumer debts owed to another.  15

26  U.S.C. § 1692(a)(6).  The complaint alleges that Wells Fargo is the servicer of the loan, and First

27  American appears to be the trustee designated as such pursuant to a deed of trust.  *See* Substitution

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

UNITED STATES DISTRICT COURT
For the Northern District of California

1   of Trustee, ECF No. 4-1 at 21.  Therefore, neither is a "debt collector" within the meaning of the

2   FDCPA.  *See, e.g., Ligon v. JP Morgan Chase Bank*, No. C 11–2504 MEJ, 2011 WL 2550836, at *3

3   (N.D. Cal. Jun. 27, 2011) ("[Defendant] is the trustee under the deed of trust, and is thus not

4   considered a debt collector under the FDCPA."); *Lal v. American Home Servicing, Inc.*, 680 F.

5   Supp. 2d 1218, 1224 (E.D. Cal. 2010) ("The law is well settled that FDCPA's definition of debt

6   collector does not include the consumer's creditors, a mortgage servicing company, or any assignee

7   of the debt.") (quotations and citations omitted); *Fonua v. First Allied Funding*, No. C 09-497 SI,

8   2009 WL 816291, at *4 (N.D. Cal. Mar. 27, 2009) (concluding that defendants were not "debt

9   collectors" under the FDCPA because they were collecting their own debts).  Moreover, though the

10  Ninth Circuit has yet to determine if foreclosure proceedings constitute "debt collection" within the

11  ambit of the FDCPA, district courts within the circuit generally have found that they are not.  *See,*

12  *e.g., Garfinkle v. JPMorgan Chase Bank*, No. C 11–01636 CW, 2011 WL 3157157, *3 (N.D. Cal.

13  July 26, 2011) (collecting cases).

14      For these reasons, the FDCPA does not apply to the Defendants in this case.  Accordingly,

15  Plaintiffs' FDCPA claim is dismissed with prejudice.

16  **B. Plaintiffs' State Claims**

17      Plaintiffs' federal claims fail, but because the court dismissed the RESPA claim without

18  prejudice, the court addresses the state claims below.

19          1. Wells Fargo's Preemption Argument

20      Plaintiffs allege that their mortgage loan was unconscionable for three reasons: (1) the payments

21  exceeded Plaintiffs' entire income; (2) Defendants had superior bargaining power over Plaintiffs;

22  and (3) the loan agreement was adhesive.  Complaint, ECF No. 1 at 30, ¶¶ 27-28.  Therefore,

23  Plaintiffs argue that Defendants cannot enforce the unconscionable loan and that any non-judicial

24  foreclosure proceedings arising from it are void.  *Id.* at ¶ 28.

25      As an initial matter, Wells Fargo contends that Plaintiffs' state law claims in that regard are

26  statutorily preempted by the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq.*  Motion

27  to Dismiss (Wells Fargo), ECF No. 4 at 19 ("Plaintiffs['] allegations of unconscionability and fraud

28

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1    in connection with the origination of their loan are preempted by HOLA.").  HOLA created the

2    Office of Thrift Supervision ("OTS") to administer the statute, and "it provided the OTS with

3    'plenary authority' to promulgate regulations involving the operation of federal savings

4    associations."  *State Farm Bank v. Reardon,* 539 F.3d 336, 342 (6th Cir. 2008).  Under one of those

5    regulations, 12 C.F.R. § 560.2, OTS makes clear that it "occupies the entire field of lending

6    regulation for federal savings associations," leaving no room for conflicting state laws.  The

7    regulation goes on to provide a non-exhaustive list of examples of state laws which are expressly

8    preempted.  *See* 12 C.F.R. § 560.2(b).  Two of these examples, which Wells Fargo contends are

9    relevant here, are state laws regarding "terms of credit, including . . . balance, payments due, or term

10   of maturity of the loan, including the circumstances under which a loan may be called due and

11   payable upon the passage of time or a specified event external to the loan," as well as "disclosure

12   and advertising, including laws requiring specific statements, information, or other content to be

13   included in credit application forms."  12 C.F.R. § 560.2(b)(4) and (9); *see Stefan v. Wachovia*, C

14   09-2252 SBA, 2009 WL 4730904, at *3 (N.D. Cal. Dec. 7, 2009).  If the type of law in question is

15   listed in 12 C.F.R. § 560.2(b), it is preempted.  *Silvas v. E Trade Mortgage Corp.*, 514 F.3d 1001,

16   1005 (9th Cir. 2008).  "Even state laws of general applicability, such as tort, contract, and real

17   property laws, are preempted if their enforcement would impact federal savings associations in areas

18   listed in § 560.2(b)."  *Stefan*, 2009 WL 4730904, at *3 (holding all of Plaintiffs' state law claims

19   regarding the foreclosure process, such as wrongful foreclosure, and Plaintiffs claim that the terms

20   of the loan were unconscionable, were preempted by HOLA).

21        The HOLA regulations promulgated by OTS, however, apply only to "federal savings

22   associations."  Here, Wells Fargo has not argued that it is subject to HOLA or that HOLA otherwise

23   applies such that it preempts Plaintiffs' claims.  *See Briosos v. Wells Fargo Bank*, No. C 10-02834

24   LB, 2010 WL 5387826, at *13 (N.D. Cal. Dec. 21, 2010); *see also Tsien v. Wells Fargo Home*

25   *Mortgage*, No. C 09-4790, 2010 WL 2198290, at *4 (N.D.Cal. May 28, 2010) ("As an initial matter,

26   [Wells Fargo] provides no evidence (*i.e.*, through a request for judicial notice) or argument that it is

27   a thrift savings association that would be governed by HOLA and protected by the OTS regulations

28

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

1   on preemption.").  As such, the court denies Wells Fargo's request to dismiss Plaintiffs' state law

2   claims on this basis.  If Wells Fargo believes that Plaintiffs' claims as re-pled in any first amended

3   complaint are preempted by HOLA, it may reassert its preemption argument, complete with

4   evidence establishing that HOLA applies to it.

5         2.  First American's Qualified Litigation Privilege

6        First American contends that Plaintiffs' state claims against it are barred because its actions were

7   privileged under California Civil Code § 47, which applies to trustees in non-judicial foreclosure

8   proceedings by California Civil Code § 2924(d).  Motion to Dismiss (First American), ECF No. 8,at

9   14.  California Civil Code § 47 creates a qualified privilege for any communication made "without

10  malice, to a person interested therein."  Cal. Civ. Code § 47(c).  This privilege applies to all torts

11  other than malicious prosecution.  *Edwards v. Centex Real Estate Corp.*, 53 Cal. App. 4th 15, 29

12  (1997) (discussing the expansion of section 47 beyond defamation claims).  At the same time,

13  Section 2924(d) "makes the recording of the notice of default by the beneficiary, and any other

14  statutorily authorized act of the beneficiary acting as trustee, a privileged communication under

15  section 47."  *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 333-334 (2008).  Additionally, section

16  2924(b) creates a privilege for trustees, which states: "In performing acts required by this article, the

17  trustees shall incur no liability for any good faith error resulting from reliance on information

18  provided in good faith by the beneficiary regarding the nature and the amount of the default under

19  the secured obligation, deed of trust, or mortgage."  Cal. Civ. Code § 2924(b).

20       First American correctly points out that Plaintiffs did not allege that it acted with malice or did

21  not rely in good faith on the information provided by the beneficiary.  Motion to Dismiss (First

22  American), ECF No. 8 at 14.  It also points out that Plaintiffs did not allege any conduct by First

23  American that would fall outside of the immunity afforded a trustee as to its involvement in a

24  nonjudicial foreclosure sale.  *Perez*, 2011 WL 3809808, at *13.  While the court agrees that the

25  litigation privilege applies to First American because it is a trustee who recorded the notice of

26  default as required by section 2924, the privilege applies only to state claims.  *Perez v. Wells Fargo*

27  *Bank, N.A.*, No. C-11-02279 JCS, 2011 WL 3809808, at *12 (N.D. Cal. Aug. 29, 2011) (holding all

28

UNITED STATES DISTRICT COURT
For the Northern District of California

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

of plaintiff's state claims barred as to trustee defendant pursuant to California Civil Code § 2924(d)).

Accordingly, Plaintiffs' state law claims (claims three though eleven) as alleged against First

American are barred by California Civil Code § 47. But because the court is not convinced that

Plaintiffs could not allege conduct by First American that would fall outside of section 47, the court

dismisses without prejudice Plaintiffs' claims three through eleven against First American.

### 3. Plaintiffs' Third Claim: Rosenthal Act

California's Rosenthal Act "regulates the collection of 'consumer debts,' which are defined as

transactions by which 'property, services or money is acquired on credit . . . primarily for personal,

family, or household purposes." *Quinlan v. Citimortgage, Inc.*, No. 2:11-cv-00986-MCE-EFB, 2011

WL 5299311, at *2 (E.D. Cal. Nov. 2, 2011). It is intended to "to prohibit debt collectors from

engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require

debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code § 1788.1.[7] While

providing its own standards governing debt-collection practices, the Rosenthal Act also provides,

with limited exceptions, that "every debt collector collecting or attempting to collect a consumer

debt shall comply with the provisions of" the FDCPA. Cal. Civ. Code § 1788.17. One of these

incorporated FDCPA provisions is the bar prohibiting debt collectors from using "any false,

deceptive, or misleading representation or means in connection with the collection of any debt." *See*

15 U.S.C. § 1692e.

Plaintiffs' claim under the Rosenthal Act is based on underlying violations of the FDCPA.

---

[7] Under the Rosenthal Act, a "debt collector" is defined as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c). A number of courts have recognized that the definition of "debt collector" is broader under the Rosenthal Act than it is under the FDCPA, as the latter excludes creditors collecting on their own debts. *See Austero v. Aurora Loan Services, Inc.*, No. C-11-00490 JCS, 2011 WL 1585530, at *8 (N.D. Cal. Apr. 27, 2011); *Herrera v. LCS Financial Services Corp.*, 2009 WL 5062192, at *2 (N.D. Cal. Dec.22, 2009); *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal.2008). "Thus, a mortgage servicer may be a "debt collector" under the Rosenthal Act even if it is the original lender, whereas, such an entity would be excluded from the definition of debt collector under the federal act." *Austero*, 2011 WL 1585530, at *8 (citing *Herrera*, 2009 WL 5062192, at *2).

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Complaint, ECF No. 1 at 42-43, ¶¶ 103-108; *id.* at 43, ¶ 105 ("The foregoing violations of 15 U.S.C.

2    § 1692 by Defendants result in separate violations of California Civil Code § 1788.17."). But as

3    discussed above, Plaintiffs' FDCPA claim fails. Moreover, courts in this district have held that

4    unless the claim arises from activities "beyond the scope of the ordinary foreclosure process," the

5    Rosenthal Act does not apply to foreclosure proceedings. *See Reyes v. Wells Fargo Bank, N.A.*, No.

6    C-10-01667 JCS, 2011 WL 30759, at *19 (N.D. Cal. Jan. 3, 2011); *Collins v. Power Default Servs.,*

7    *Inc.,* No. 09-4838 SC, 2010 WL 234902, at *3 (N.D. Cal. Jan. 14, 2010) ("the law is clear that

8    foreclosing on a deed of trust does not invoke the statutory protections of the [Rosenthal Act]").

9    Here, Plaintiffs' vague allegations do not appear to allege activities beyond the scope of the ordinary

10    foreclosure process, and therefore the complaint fails to state a claim under the Rosenthal Act.[8]

11      For the reasons stated above, Plaintiffs' third claim for violation of the Rosenthal Act is

12    dismissed without prejudice.[9]

13      4. Plaintiffs' Fourth Claim: Breach of Covenant of Good Faith and Fair Dealing

14      In their fourth cause of action, Plaintiffs allege that Defendants breached the implied covenant of

15

---

16      [8] Where the claim arises out of debt collection activities "beyond the scope of the ordinary
foreclosure process," a remedy may be available under the Rosenthal Act. *See, e.g.*, *Walters v.*

17    *Fidelity Mortgage of California, Inc.*, 2010 WL 3069341, at *15 (E.D. Cal. Aug. 4, 2010) (holding
that mortgage servicer that regularly billed plaintiff and collected payments on her mortgage debt

18    was a "debt collector" under the Rosenthal Act and that the plaintiff stated a claim under the
Rosenthal Act based on allegation that mortgage servicer engaged in pattern of improper conduct

19    that ultimately resulted in foreclosure). As stated above, however, Plaintiffs made no such

20    allegations.

21      [9] Defendants also argue that, even if the FDCPA and Rosenthal Act applied to Plaintiffs'

22    claims, the complaint fails to meet the pleading requirements under Rule 8(a). Motion to Dismiss
(Wells Fargo), ECF No. 4 at 23; Motion to Dismiss (First American) ECF No. 8 at 20. Defendants

23    accurately contend that Plaintiffs fail to state which FDCPA violations Defendants committed.

24    Further, Plaintiffs fail to describe when they made a validation request or the manner in which they
did so. Similarly, as to the claims under the Rosenthal Act, Plaintiffs merely recite the statute

25    without providing facts to support their allegations. Because of these deficiencies, Defendants do
not have fair notice of the claims against it and the facts are not sufficient to state a plausible claim

26    for relief. *Myvett v. Litton Loan Servicing, LP*, No. CV-08-5797 MMC, 2010 WL 761317, at *5

27    (N.D. Cal. Mar. 3, 2010) (dismissing complaint in part because plaintiff failed to allege facts
supporting FDCPA claims).

28

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

UNITED STATES DISTRICT COURT
For the Northern District of California

good faith and fair dealing when they initiated the foreclosure proceedings on Plaintiffs' property "without the production of documents" and in contravention to provisions found in the Deed of Trust.  Complaint, ECF No. 1 at 44, ¶¶ 111, 113.

"Under California law, a claim for breach of the [implied covenant of good faith and fair dealing] is necessarily based on the existence of an underlying contractual relationship.  The essence of the covenant is that no party to the contract will do anything which would deprive the others of the benefits of the contract."  *Wolf v. Wells Fargo Bank, N.A.*, No. C11–01337 WHA, 2011 WL 4831208 at *4 (N.D. Cal. Oct. 12, 2011) (citing *McClain v. Octagon Plaza, LLC*, 159 Cal.App.4th 784, 799 (2008)).  To establish a breach of the covenant, then, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from that contract.  *Id.*

"As a general matter, a court should not conclude that a foreclosure conducted in accordance with the terms of a deed of trust constitutes a breach of the implied covenant of good faith and fair dealing."  *Davenport v. Litton Loan Servicing, LP,* 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010). Here, the Deed of Trust allows for foreclosure if Plaintiffs fail to meet their payment obligations. Plaintiffs do not allege that they met their payment obligations, and they have not stated any facts to support a conclusion that the foreclosure proceedings were not conducted in accordance with the Deed of Trust.  In addition, "California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust."  *Ngoc Nguyen v. Wells Fargo Bank, N.A.,* 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010).  Thus, Plaintiffs' claim that Defendants breached a covenant of good faith and fair dealing fails.[10]   Their claim is dismissed without prejudice.

     5.  Plaintiffs' Seventh, Ninth, and Eleventh Claims: Common Law Fraud, Intentional

---

[10]  As for Plaintiffs' allegation that "Defendants" breached the covenant against RMR, the original lender, Defendants correctly contend that Plaintiffs do not have standing to assert RMR's purported rights.  To have standing, Plaintiffs must (1) have suffered an "injury in fact," (2) there must be a causal connection between the injury and the conduct complained of, and (3) it must be likely that the injury may be redressed if there is a decision favorable to Plaintiffs.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Plaintiffs have not met any of these requirements.

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

UNITED STATES DISTRICT COURT
For the Northern District of California

1

Misrepresentation, and Violation of Cal. Civ. Code § 1572 (Actual Fraud)

2      Plaintiffs' seventh, ninth, and eleventh claims are all fraud-based claims under state law. *See*

3  Complaint, ECF No. 1 at 47-54; 56-63; 63-64; 65-66. "A cause of action for fraud [under California

4  law] requires the plaintiff to prove (a) a knowingly false misrepresentation by the defendant, (b)

5  made with the intent to deceive or to induce reliance by the plaintiff, (c) justifiable reliance by the

6  plaintiff, and (d) resulting damages." *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192 (9th Cir. 2001)

7  (quoting *Wilkins v. Nat'l Broadcasting Co., Inc.*, 71 Cal.App.4th 1066, 1082 (1999)); *see also* Cal.

8  Civ. Code § 1572. "These same elements also form the basis for a claim for fraud by intentional

9  misrepresentation." *Wolf v. Wells Fargo Bank, N.A.*, No. C11-01337 WHA, 2011 WL 4831208, at

10  *5 (N.D. Cal. Oct. 12, 2011).

11      Defendants move to dismiss the fraud-based claims on several grounds. First, they argue that

12  Plaintiffs have not alleged any fraudulent conduct with the level of specificity required by Federal

13  Rule of Civil Procedure 9(b). Motion to Dismiss (Wells Fargo), ECF No. 4 at 26. 31-32; Motion to

14  Dismiss (First American), ECF No. 8 at 23-24. Rule 9(b)'s particularity requirement applies to

15  state-law causes of action when the claim is "grounded in fraud." *Vess v. Ciba-Geigy Corp.*, 317

16  F.3d 1097, 1103 (9th Cir. 2003). In order to recover under fraud-based claims, a "party must state

17  with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

18  Allegations of fraud must be stated with "specificity including an account of the 'time, place, and

19  specific content of the false representations as well as the identities of the parties to the

20  misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v.*

21  *Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)); *see Vess v. Civa-Geigy, Inc.,* 317 F.3d 1097,

22  1106 (9th Cir. 2003) (allegations of fraud must include "the who, what, when, where, and how" of

23  the misconduct charged). In order to survive a motion to dismiss, "'allegations of fraud must be

24  specific enough to give defendants notice of the particular misconduct which is alleged to constitute

25  the fraud charged so that they can defend against the charge and not just deny that they have done

26  anything wrong.'" *Id.* (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

27  Further, when there are multiple defendants, plaintiffs cannot lump the defendants together, but must

28

differentiate so as to inform each defendant of their alleged wrongdoings. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (holding that plaintiffs complaint failed to meet Rule 9(b) requirements when allegations of fraud against multiple defendants did not state specific misconduct of each).

Plaintiffs' allegations are not pled with particularity and do not meet the standards articulated above. First, all of the claims rely on the vague allegations that Defendants misrepresented or failed to disclose the true terms of the loan, that Plaintiffs were tricked into taking out a loan they could not afford, and that Plaintiffs relied on Defendants' misrepresentations. *See* Complaint, ECF No. 1 at 47-54; 56-63; 65-66. Plaintiffs do not, however, describe the alleged misrepresentations or state why they were false or misleading. Second, beyond alleging that a Mr. Joe Bueno, an employee of First American, gave them the Notice of Default, Plaintiffs fail to specify any acts or distinguish between any of the Defendants. *Id.* at 47. For example, Plaintiffs merely allege that "Defendants" "were engaged in an illegal scheme" and that "Defendants" "made false representations to Plaintiff in order to fund a loan." *Id.* at 47, ¶ 139; 48, ¶ 140. Plaintiffs do not allege which Defendants made which misrepresentations and which Defendants had the duty to disclose the facts to them. For these reason, Plaintiffs' seventh, ninth, and eleventh claims fail.

For these reasons, Plaintiffs' seventh, ninth, and eleventh fraud-based claims are dismissed without prejudice.[11]

### 6. Plaintiffs' Eighth and Twelfth Claims: Wrongful Foreclosure and Quiet Title

Plaintiffs' wrongful foreclosure claim is based on the allegations that the foreclosure sale is invalid because (1) Defendants do not possess the promissory note, (2) the foreclosure sale was not executed in accordance with the foreclosure process set forth in California Civil Code §§ 1624, 2932.5 and 2924, and California Commercial Code § 3302 *et seq.,* and (3) Defendants lack standing

---

[11] Defendants also argue that Plaintiffs' fraud-based claims are time barred. Under California Code of Civil Procedure § 338(d), there is a three-year statute of limitation for fraud claims. Because Plaintiffs fail to describe any of the allegedly fraudulent conduct with specificity, the court is unable to evaluate this argument at this time.

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

16

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   to conduct a non-judicial foreclosure sale pursuant to California Commercial Code § 3301.[12]

2   Complaint, ECF No. 1 at 29, ¶¶ 20, 22; 39, ¶¶ 76-90.  Plaintiffs' quiet title claim also is based on the

3   theory that Defendants do not possess the note.  *Id.* at 66, ¶ 224.

4       Defendants first argue that Plaintiffs's wrongful foreclosure and quiet title claims fail because

5   Plaintiffs lack standing to challenge the foreclosure process as they have failed to tender the

6   obligation in full.  Motion to Dismiss (Wells Fargo), ECF No. 4 at 30; Motion to Dismiss (First

7   American), ECF No. 8 at 19.  The court agrees.  *See Ngoc Nguyen,* 749 F. Supp. 2d at 1033-34

8   (dismissing plaintiff's wrongful foreclosure and quiet title claims on the basis that they failed to

9   tender the amount due under the loan in full).  "[I]t is sensible to require that a trustor, whose default

10   to begin with resulted in the foreclosure, give proof before the sale is set aside that he now can

11   redeem the property."  *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*, 165 Cal. App. 3d 1214,

12   1222 (1985).  Accordingly, courts in this district have held that when a foreclosure is pending a

13   debtor must allege the ability to fully tender the obligation to proceed on a cause of action for

14   wrongful foreclosure.  *Alicea v. GE Money Bank*, C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D.

15   Cal. July 16, 2009).  And California courts apply the same tender rule to quiet title that applies in a

16   wrongful foreclosure action.  *Roque v. Suntrust Mortg., Inc.*, No. C–09–00040 RMW, 2010 WL

17   546896, at *6 (N.D. Cal. Feb. 10, 2010).  Because Plaintiffs fail to allege any ability or willingness

18   to tender the amount owed under the note, Plaintiffs' claims for wrongful foreclosure and quiet title

19   fail.

20       Defendants next argue that Plaintiffs improperly rely upon California Civil Code § 2932.5.[13]

21   Motion To Dismiss (Wells Fargo), ECF No. 4 at 30; Motion to Dismiss (First American), ECF No. 8

22

_____

23       [12]  Although Plaintiffs do not allege violations of California Commercial code § 3301 in their
24   eighth claim for wrongful foreclosure, they refer to this section throughout their complaint, alleging
     that Defendants lack standing to enforce a non-judicial foreclosure pursuant to California
25   Commercial Code § 3301 because Defendants are not holders of the promissory note.  For purposes
     of this order, the court will address this claim here.
26

27       [13] Wells Fargo states that Plaintiffs cite to Cal. Civ. Code § 2023.5 to support their wrongful
     foreclosure claim.  The court assumes that Defendants intended to cite Cal. Civ. Code § 2932.5.
28

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

1    at 15-16.  Plaintiffs allege that Defendants failed to comply with section 2932.5 because they failed

2    to record the assignment of the Deed of Trust.  Complaint, ECF No. 1 at 55, ¶ 167.  But as

3    Defendants correctly point out, section 2932.5 only applies to mortgages, not deeds of trust.  *Jacobs*

4    *v. Bank of America, N.A.*, No. C10-04596 HRL, 2011 WL 250423, at *5 (N.D. Cal. Jan. 25, 2011)

5    ("It applies only to mortgages that give a power of sale to the creditor, not to deeds of trust which

6    grant a power of sale to the trustee.  Trustees regularly foreclose on behalf of assignees for the

7    original beneficiary.") (quoting *Roque*, 2010 WL 546896, at *3).

8        Defendants also note that California law does not require possession of the note to proceed with

9    a non-judicial foreclosure.  *Ngoc Nguyen,* 749 F. Supp. 2d at 1035; *Putkkuri v. Recontrust Co.,* No.

10   08 CV 1919 WQH (AJB), 2009 WL 32567 (S.D. Cal. Jan. 5, 2009).  Plaintiffs' claims fail for this

11   reason as well.

12       Defendants also refute Plaintiffs' argument under California Commercial Code § 3301.  *See*

13   Complaint, ECF No. 1, at 39-41, ¶¶ 76-90.  While it is true that section 3301 requires the foreclosing

14   party to be in possession of the promissory note, "such possession is not required for non-judicial

15   foreclosure."  *Farahani v. Cal-Western Reconveyance Corp.,* No. C 09-194 JF (RS), 2009 WL

16   1309732, at *2 (N.D. Cal. May 8, 2009).  Non-judicial foreclosure is regulated exclusively by

17   California Civil Code §§ 2924-2924i.  *See Das v. WMC Mortg. Corp.*, No. C10-0650 PSG, 2011 WL

18   2847412, at *2 (N.D. Cal. June 8, 2011) (dismissing plaintiff's wrongful foreclosure claim in part

19   because California Commercial Code § 3301 does not apply to non-judicial foreclosures).

20       Accordingly, Plaintiffs' eighth and twelfth claims for wrongful foreclosure and quiet title are

21   dismissed without prejudice.

22       7.  Plaintiffs' Tenth Claim: Violation of Cal. Bus. & Prof. Code § 17200

23       In their tenth claim, Plaintiffs' allege that "Defendants" violated California Unfair Competition

24   Law.  California's UCL prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal.

25   Bus. & Prof. Code § 17200.  The UCL incorporates other laws and treats violations of those laws as

26   unlawful business practices independently actionable under state law.  *Chabner v. United Omaha*

27   *Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000).  Violation of almost any federal, state or local

28

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

UNITED STATES DISTRICT COURT
For the Northern District of California

1   law may serve as the basis for a UCL claim.  *Saunders v. Superior Court*, 27 Cal.App.4th 832,

2   838–39 (1994).  In addition, a business practice may be "unfair or fraudulent in violation of the UCL

3   even if the practice does not violate any law."  *Olszewski v. Scripps Health*, 30 Cal.4th 798, 827

4   (2003).

5       Plaintiffs allege that Defendants violated the "unlawful" and "fraudulent" prongs of the UCL.[14]

6   They allege that Defendants "policies and practices described above violate all the statutes as

7   previously listed and California Civil Code § 1709, and consequently, constitute . . . unlawful

8   business acts[s]" and that "Defendants' practices described above are likely to mislead the general

9   public, and therefore, constitute a fraudulent business act."  Complaint, ECF No. 1 at 64, ¶¶ 207,

10  209.

11      "To state a cause of action based on an unlawful business act or practice under the UCL, a

12  plaintiff must allege facts sufficient to show a violation of some underlying law."  *Finiular v. BAC*

13  *Home Loans Servicing, L.P.*, No. C–11–02629 JCS, 2011 WL 4405659, at *9 (N.D. Cal. Sep. 21,

14  2011) (citing *People v. McKale*, 25 Cal.3d 626, 635 (1979)).  But as explained herein, all of

15  Plaintiffs' underlying claims have been (or will be) dismissed.  And without an underlying violation,

16  Plaintiffs' claim for a violation of the "unlawful" prong of the UCL fails.

17      "In order to state a claim under the UCL based on fraudulent conduct, Plaintiff must allege, with

18  particularity, facts sufficient to establish that the public would likely be deceived by Defendants'

19  conduct."  *Finiular*, 2011 WL 4405659, at *10.[15]  As described above with respect to Plaintiffs'

20  seventh, ninth, and eleventh claims, Plaintiffs did not met this standard because they did not identify

21  with particularity any specific fraudulent or misleading statements made by any particular

22

23      [14] To the extent that Plaintiffs intended to allege that Defendants violated the "unfair" prong
    of the UCL by inducing Plaintiffs to enter into an unconscionable loan, their claim fails because

24  Plaintiffs do not set forth any facts supporting their conclusory allegations in this regard.  *See*
    Complaint, ECF No. at 30, ¶¶ 27-28,

25

26      [15] "UCL claims premised on fraudulent conduct trigger the heightened pleading standard of
    Rule 9(b) of the Federal Rules of Civil Procedure."  *Finiular v. BAC Home Loans Servicing, L.P.*,

27  No. C–11–02629 JCS, 2011 WL 4405659, at *9 (N.D. Cal. Sep. 21, 2011) (citing *Kearns v. Ford*
    *Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)).

28

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

UNITED STATES DISTRICT COURT
For the Northern District of California

1    Defendant.  Their claim for a violation of the "fraudulent" prong of the UCL fails.

2        Accordingly, Plaintiffs' tenth claim for violation of the UCL is dismissed without prejudice.

3            8.  Plaintiffs' Claim for Violation of Civil Code § 2923.6

4        Although Plaintiffs do not make a separate claim for violation of California Civil Code § 2923.6,

5    they cite the statute in detail in their complaint.  *See* Complaint, ECF No. 1 at 33-34, ¶ 38. Courts,

6    however, have made clear that borrowers have no private right of action under this statute.  *See, e.g.,*

7    *Washington v. Nat'l City Mortgage Co.,* No. C10-5402 SBA, 2010 WL 5211506, at *5 (N.D. Cal.

8    Dec. 16, 2010) ("But even if [the statute applied], § 2923.6 does not create a cause of action for

9    borrowers."); *Owens v. Wells Fargo Bank, N.A.*, No. C09-3354 PJH, 2010 WL 424473, at *2 (N.D.

10   Cal. Jan. 27, 2010) ("However, as defendant notes, section 2923.6 neither grants any right to a loan

11   modification, nor provides a private right of action."); *Reynoso v. Chase Home Finance,* No. C09-

12   02190 MEJ, 2009 WL 5069140, at *4-5 (N.D. Cal. Dec. 17, 2009) (concluding that section 2923.6

13   does not create a private right of action for violations of its provisions); *Jacobs v. Bank of America,*

14   *N.A.*, No. C10-04596 HRL, 2011 WL 250423, at *3 (N.D. Cal. Jan. 25, 2011) (dismissing plaintiff's

15   section 2923.6 cause of action on basis that there is no private right of action under this statute).

16   Plaintiffs cite no authority to the contrary.  Thus, to the extent that Plaintiffs allege a claim under

17   this statute, it is dismissed with prejudice.

18           8.  Plaintiffs' Sixth Claim: Declaratory Relief

19       Plaintiffs' sixth claim is for declaratory relief.  The Declaratory Judgment Act gives district

20   courts discretion to exercise its jurisdiction over a claim for declaratory relief.  *See* 28 U.S.C. §

21   2201.  A declaratory relief claim requires a present and actual controversy between the parties.  *See*

22   *Ngoc Nguyen,* 749 F. Supp. 2d at 1035; *Cal. Ins. Guar. Ass'n v. Superior Court*, 231 Cal.App.3d

23   1617, 1623 (1991).  Plaintiffs claim that a "dispute has arisen" between the parties concerning the

24   "ownership rights and the validity of the commencement of the foreclosure process."  Complaint,

25   ECF No. 1 at 46, ¶¶ 128-129.  But because Plaintiffs have not adequately alleged the prior claims,

26   declaratory relief is not appropriate at this time.  Accordingly, Plaintiffs' sixth claim for declaratory

27   relief is dismissed without prejudice.

28

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

10.  Plaintiffs' Fifth Claim: Injunctive Relief

Plaintiffs' fifth claim is for injunctive relief.  Complaint, ECF No. 1 at 44-46, ¶¶ 115-126. Injunctive relief, however, "is a remedy, not a cause of action, and thus it must be tethered to some independent legal duty owed by the defendant."  *Martone v. Burgess,* No. C 08-2379 CW, 2008 WL 3916022, at *3 (N.D. Cal. Aug. 25, 2008); *see Marlin v. AIMCO Venezia, LLC,* 154 Cal.App.4th 154, 162 (2007).  Because all of Plaintiffs' other claims fail, the claim for injunctive relief fails, too. Accordingly, Plaintiffs' fifth claim for injunctive relief is dismisses without prejudice.

## V.  CONCLUSION

Based on the foregoing, the court GRANTS Defendants' motions.  Plaintiffs' claims are dismissed as follows:

- Plaintiffs' first claim and third through eleventh claims are dismissed without prejudice;
- Plaintiffs' second claim is dismissed with prejudice;
- Plaintiffs' unnumbered claim for a violation of California Civil Code § 2923.6 is dismissed with prejudice.

Plaintiffs may file a First Amended Complaint within 14 days of this order.

This disposes of ECF Nos. 4 & 8.

**IT IS SO ORDERED.**

Dated: November 21, 2011

_____
LAUREL BEELER
United States Magistrate Judge

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFFS' COMPLAINT WITH LEAVE TO AMEND
C 11-01725 LB

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**