UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco

MIGUEL C. GOMEZ, et al.

Plaintiffs,

v.

WELLS FARGO HOME MORTGAGE, et al.,

Defendants.

_____________________________________/

No. C 11-01725 LB

ORDER DIRECTING DEFENDANTS TO RESPOND TO PLAINTIFFS' MOTION FOR RELIEF FROM FINAL JUDGMENT

[ECF No. 58]

## I. BACKGROUND

Miguel C. Gomez and Sonia G. Barajas (collectively, "Plaintiffs") sued Wells Fargo Home Mortgage ("Wells Fargo"), First American Trustee Servicing Solutions, LLC ("First American"), HSBC Bank ("HSBC"), and RMR Financial ("RMR") (collectively, "Defendants") in state court, alleging violations of federal and state law in connection with the issuance of a mortgage loan and the subsequent foreclosure and trustee's sale of their property in Concord, California. Initial Complaint, ECF No. 1 at 24.[1] Defendants Wells Fargo and First American filed motions to dismiss the initial complaint, which were granted. *See* Motion to Dismiss (Wells Fargo), ECF No. 4; Motion to Dismiss (First American), ECF No. 8; Order, ECF No. 39.[2]

Plaintiffs then filed a first amended complaint, which Wells Fargo and First American moved to

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[2] HSBC and RMR were never properly served with the initial complaint.

dismiss. *See* FAC, ECF No. 46; Motion to Dismiss (Wells Fargo), ECF No. 47; Motion to Dismiss (First American), ECF No. 48. Oral argument on the motions was scheduled for April 5, 2012. No Defendant answered the First Amended Complaint or filed motions for summary judgment.

On March 28, 2012, Plaintiffs filed a request that asked the court to dismiss their action without prejudice. Request, ECF No. 55. Because, under Federal Rule of Civil Procedure 41(a), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, the court construed Plaintiffs' request as a voluntary dismissal of their claims without prejudice. 03/29/2012 Order, ECF No. 57 (citing Fed. R. Civ. P. 41(a)(1)(A)(I)).

Two days after they filed their request and one day after the court issued an order stating that their request would be construed as a voluntary dismissal, Plaintiffs' filed a request to re-open their case. Motion, ECF No. 58. They state that they made their previous request "because Defendants had canceled the foreclosure proceedings," but Defendants since "accelerated the foreclosure process once more and have posted a sale date set for April 18, 2012." *Id.* at 1.

Because a voluntary dismissal under Rule 41(a)(1)(I) is treated as a final judgment, *see, e.g.*, *Kalt v. Hunter*, 66 F.3d 1002, 1004 (9th Cir. 1995), and given that the court construes pro se filings liberally, the court construes Plaintiffs' request as a motion under Rule 60(b) for relief from a final judgment.

The court issues this order directing Defendants to respond to Plaintiffs' Rule 60(b) motion. If the Defendants do not oppose the motion, they may file a statement of non-opposition by April 3, 2012, at noon, and the court will reinstate the previously-set motion to dismiss hearing that was calendared for 11 a.m. on April 5, 2012. If Defendants want to oppose the 60(b) motion, they should notify the court that they want to oppose the motion by April 3, 2012, at noon, and they should select one of the two following options: (1) opposition filed by April 5, 2012, and hearing on April 12, 2012 at 11 a.m. or (2) opposition filed by April 12, 2012 and hearing on April 26, 2012 at 11 a.m.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) sets forth the standards for obtaining relief from final

judgments. Motions to reopen premised upon mistake, inadvertence, surprise, or excusable neglect (Rule 60(b)(1)), newly discovered evidence (Rule 60(b)(2)), or fraud (Rule 60(b)(3)) must be brought "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. 60(b)(1)-(3). If the asserted ground for relief from the prior judgment does not fall within one of the specific categories enumerated in Rule 60(b)(1)-(5), relief may be available under the residual provision of the rule. Fed. R. Civ. P. 60(b)(6).

## III. DISCUSSION

Although Plaintiffs did not specifically move under Rule 60(b), it appears that their request falls under either Rule 60(b)(1) or Rule 60(b)(2). Plaintiffs' description of the relevant timeline suggests that they were taken by surprise when they learned of the foreclosure sale date. They also suggest that they would not have filed the voluntary dismissal had they known of this fact on March 28, 2012.

If Defendants oppose Plaintiffs' motion to reopen, they should address in their argument the prejudice to them if the court were to grant Plaintiffs' requested relief.

## IV. CONCLUSION

Defendants should file their opposition or any statement of non-opposition according to the schedule set forth above. The court will then set the hearing date.

**IT IS SO ORDERED.**

Dated: March 31, 2012

LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California