1

2

3

4

5

6

7

8                          UNITED STATES  DISTRICT COURT

9                            Northern District of California

10                                 Oakland Division

11    MIGUEL C. GOMEZ, et al.,                    No. C 11-01725 LB

12                    Plaintiffs,                 **ORDER GRANTING DEFENDANTS'**
              v.                                  **MOTIONS TO DISMISS**
13                                                **PLAINTIFFS' FIRST AMENDED**
      WELLS FARGO HOME MORTGAGE, et al.,          **COMPLAINT**
14
                      Defendants.                 [Re: ECF Nos. 47, 48]
15    _____/

16                              **I.  INTRODUCTION**

17        Miguel C. Gomez and Sonia G. Barajas (collectively, "Plaintiffs"), proceeding *pro se*, sued

18    Wells Fargo Home Mortgage ("Wells Fargo"), First American Trustee Servicing Solutions, LLC

19    ("First American"), HSBC Bank ("HSBC"), and RMR Financial ("RMR") in state court, alleging

20    violations of federal and state law in connection with the issuance of a mortgage loan and the

21    subsequent foreclosure and trustee's sale of their property in Concord, California.  Initial Complaint,

22    ECF No. 1 at 24.[1]  The gist of the complaint is that Plaintiffs were fraudulently induced to take a

23    loan they could not afford and thereafter Defendants wrongfully foreclosed on the property.

24        Plaintiffs never served HSBC or RMR so they were dismissed from this action.  08/15/2011

25    Order, ECF No. 29.  Wells Fargo and First American (collectively, "Defendants") then filed motions

26

27    _____

28        [1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page
      number at the top of the document, not the pages at the bottom.

UNITED STATES DISTRICT COURT
For the Northern District of California

1   to dismiss the Initial Complaint, which the court granted.  Motion to Dismiss (Wells Fargo), ECF

2   No. 4; Motion to Dismiss (First American), ECF No. 8; 11/21/2011 Order, ECF No. 39.  Plaintiffs

3   filed a First Amended Complaint, as the court allowed them to do, and now Wells Fargo and First

4   American, as the only remaining Defendants, have moved to dismiss that complaint as well.  First

5   Amended Complaint ("FAC"), ECF No. 46; Motion to Dismiss (Wells Fargo), ECF No. 47; Motion

6   to Dismiss (First American), ECF No. 48.  Pursuant to Civil Local Rule 7-1(b), the court finds these

7   matters to be suitable for determination without oral argument and vacates the April 12, 2012

8   hearing.  For the following reasons, the court GRANTS both motions and DISMISSES WITH

9   PREJUDICE Plaintiffs' First Amended Complaint.

10                                      **II.  BACKGROUND**

11   **A.  Factual Background**

12       The relevant facts, taken from both Plaintiffs' Initial Complaint, their First Amended Complaint

13   and documents of which Defendants request judicial notice[2], are as follows.[3]

14       Plaintiffs purchased a home at 159 Roslyn Drive, Concord, California, on March 30, 2006.

15

16

17       [2] Defendants request that the court take judicial notice of the following documents: (1) the
    Deed of Trust, recorded in the Official Records of Contra Costa County on April 6, 2006 as
18   Document Number 2006-0106499; (2) a Substitution of Trustee, recorded in the Official Records of
    Contra Costa County on November 12, 2010 as Document Number 2010-0254534; (3) a Notice of
19   Default, recorded in the Official Records of Contra Costa County on November 19, 2010 as
    Document Number 2010-0262142; (4) an Assignment of Deed of Trust, recorded in the Official
20   Records of Contra Costa County as Document Number 2010-0284098; and (5) a Notice of Trustee's
    Sale, recorded in the Official Records of Contra Costa County as Document Number 2011-0040571.
21   Wells Fargo RJN, ECF No. 47-1 at 1-3; First American RJN, ECF No. 49 at 1-2.  Plaintiffs did not
    oppose either request and filed no objections challenging the authenticity of any of these documents.
22

23       The court may take judicial notice of matters of public record without converting a motion to
24   dismiss into a motion for summary judgment.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th
    Cir. 2001).  Because all of the documents are public records, the court may properly take judicial
25   notice of the undisputable facts contained in them.  *See Hotel Employees & Rest. Employees Local 2
    v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201(b).
26

27       [3] Plaintiffs make almost no factual allegations in their First Amended Complaint.  Thus, to
    get any sense of relevant fact, the court will rely on and cite to Plaintiffs' Initial Complaint as
28   needed.

1   Initial Complaint, ECF No. 1 at 24, ¶ 1; 26, ¶ 9.  To fund the purchase, Plaintiffs borrowed

2   $504,000 from RMR, and the loan was secured through a Deed of Trust.  Deed of Trust, ECF No.

3   47-1 at 5.  Plaintiffs allege that RMR represented to them that they could get approved for a loan

4   notwithstanding their bad credit.  Initial Complaint, ECF No. 1 at 25, ¶ 8.  But in so representing,

5   RMR did not disclose that Plaintiffs' initial loan payment would exceed their monthly income.  *Id*.

6   Plaintiffs also allege that the servicing rights to the loan were transferred from RMR to Wells Fargo

7   at some point.  Initial Complaint, ECF No. 1 at 26, ¶ 11.

8        On November 5, 2010, First American was substituted as trustee under the Deed of Trust.

9   Substitution of Trustee, ECF No. 47-1 at 21; *see* Complaint, ECF No. 1 at 26, ¶ 12.  Shortly

10  thereafter, on November 19, 2010, Plaintiffs received a Notice of Default from First American that

11  informed them that their property was in foreclosure because they were $40,427.19 behind on their

12  mortgage payments.  Initial Complaint, ECF No. 1 at 26, ¶ 12; Notice of Default, ECF No. 47-1 at

13  24-25.

14       From here, what happened is not clear from either complaint.  Plaintiffs apparently did not make

15  any loan payments.  *See* Initial Complaint, ECF No. 1 at 28, ¶ 18 (apparently acknowledging the

16  lack of payment, but asserting this was not a "default" because non-payment was excused by

17  Defendants' breach).  Plaintiffs allege conclusorily that the "foreclosure sale of the Subject Property

18  was not

19  executed in accordance" with California law.  *Id*. at 29, ¶ 22.  Wells Fargo's motion to dismiss,

20  however, suggests that no foreclosure sale has taken place, and that Plaintiffs continue to live in the

21  subject property.  *See* Motion to Dismiss (Wells Fargo), ECF No. 47 at 7-9.

22  **B.  Procedural Background**

23       In their Initial Complaint, Plaintiffs specifically asserted the following twelve claims: (1)

24  violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; (2) violation

25  of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (3) violation of the

26  Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code § 1788.17;

27  (4) Breach of Covenant of Good Faith and Fair Dealing; (5) Injunctive Relief; (6) Declaratory

28  Relief; (7) Fraud; (8) Wrongful Foreclosure; (9) Intentional Misrepresentation; (10) violation of

**UNITED STATES DISTRICT COURT**
For the Northern District of California

California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200;
(11) violation of California Civil Code § 1572; and (12) Quiet Title. *Id.* at 18. Plaintiffs also
alleged an unnumbered claim for violation of California Civil Code § 2923.6. *Id.* at 33-34, ¶ 8.
Wells Fargo removed the case to federal court. Notice of Removal, ECF No. 1 at 1-3. Plaintiffs
failed to serve either HSBC or RMR within 120 days from the date the action was removed to
federal court, so Judge Hamilton dismissed them as defendants. 08/15/2011 Order, ECF No. 29; *see*
Fed. R. Civ. P. 4(m).

Wells Fargo and First American then filed motions to dismiss the initial complaint on April 15,
2011 and April 19, 2011, respectively. Motion to Dismiss (Wells Fargo), ECF No. 4; Motion to
Dismiss (First American), ECF No. 8. These motions were opposed by Plaintiffs, who filed their
opposition on May 19, 2011. Opposition, ECF No. 16. On November 21, 2011, after several
continuances, the court granted Defendants' motions, dismissing Plaintiffs' Initial Complaint and
granting Plaintiffs leave to amend.[4] 11/21/2011 Order, ECF No. 39.

Plaintiffs filed their First Amended Complaint on January 19, 2012. FAC, ECF No. 46. The
First Amended Complaint contains virtually no factual allegations. *See generally id*. Instead, it is
largely devoted to Plaintiffs' argument that Defendants should be required to produce the original
note secured by the Deed of Trust in order to foreclose on the property. *Id.* at 3. However, in
keeping with the principle that *pro se* litigants are entitled to liberal construction in their pleadings,
the court interprets the First Amended Complaint to allege the following causes of action: (1)
violation of the RESPA; (2) violation of the FDCPA; (3) violation of the Rosenthal Act; (4) Fraud;
and (5) Wrongful Foreclosure. *See* FAC, ECF No. 46.[5] Wells Fargo and First American filed

---

[4] All of Plaintiffs' claims were dismissed without prejudice except for their FDCPA and
California Civil Code § 2923.6 claims. 11/21/2011 Order, ECF No. 39.

[5] Plaintiffs also cite 12 U.S.C. §§ 248, 347, and 1813(L)(1) in their First Amended
Complaint. FAC, ECF No. 46 at 6. 12 U.S.C. § 248 relates to the enumerated powers of the Board
of Governors of the Federal Reserve System, 12 U.S.C. § 347 relates to any Federal Reserve Bank's
ability to make advances to its member banks, and 12 U.S.C. § 1813 defines certain terms used in
other statutes relating to the Federal Deposit Insurance Corporation. The court does not see how
these statutes are relevant to the instant action, so the court will not construe them as the basis for

1    motions to dismiss the First Amended Complaint on January 26, 2012 and January 31, 2012

2    respectively. Motion to Dismiss (Wells Fargo), ECF No. 47; Motion to Dismiss (First American),

3    ECF No. 48. Plaintiffs have not filed an opposition to these motions.

4         On March 28, 2012 – roughly one week before oral argument on Defendants' motions to dismiss

5    were scheduled to be heard – Plaintiffs filed a request that asked the court to dismiss their action

6    without prejudice, ostensibly because Defendants had cancelled the pending foreclosure

7    proceedings. Request, ECF No. 55. Because no Defendants have filed an answer or a motion for

8    summary judgment, the court construed Plaintiffs' request as a voluntary dismissal of their action.

9    03/29/2012 Order, ECF No. 57. One day later, though, Plaintiffs filed a request to reopen the action.

10   Request to Reopen, ECF No. 58. They stated that in the short time between when they filed their

11   voluntary dismissal and when they filed their request to reopen, Defendants reinstated the

12   foreclosure proceedings. *Id.* at 1. The court, pursuant to its discretion, reopened the case and reset

13   the hearing on Defendants' motions to dismiss for April 12, 2012. 04/04/2012 Order, ECF No. 63.

### III. LEGAL STANDARD

15        Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that

16   the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a

17   defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic*

18   *Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

19        A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does

20   not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly,* 550

21   U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

22   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

23   *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a

24   'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

25   unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule

26   12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

27   _____

28   any claims here.

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff.  *See id.* at 550; *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County,* 487 F.3d 1246, 1249 (9th Cir. 2007).  In addition, courts may consider documents attached to the complaint.  *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).  If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## IV.  DISCUSSION

The court will first examine Plaintiffs' federal claims, then move to Plaintiffs' claims under state law.

**A.  Plaintiffs' Federal Claims**

1.  RESPA

In their Initial Complaint, Plaintiffs alleged that Defendants charged unlawful yield spread fees and that Wells Fargo, HSBC, and First American did not notify them when the servicing rights to their loan were transferred, in violation of 12 U.S.C. § 2607(a) and 12 U.S.C. § 2605(b), two RESPA provisions.  Initial Complaint, ECF No. 1 at 41, ¶¶ 93-94.  The court dismissed the RESPA claim, pointing to four inadequacies: (1) the complaint lacked sufficient detail to provide Defendants with fair notice of the specific claims against them and the grounds for relief; (2) Plaintiffs failed to

UNITED STATES DISTRICT COURT
For the Northern District of California

1   allege that they suffered actual damages caused by Defendants' failure to notify Plaintiffs of the

2   transfer of servicing rights; (3) Plaintiffs failed to allege sufficient facts to explain how either of

3   Defendants fit the definition of "servicer" provided in the RESPA statute; and (4) Plaintiffs did not

4   allege facts to support the tolling of the potentially applicable statutes of limitation.  11/21/2011

5   Order, ECF No. 39 at 4-8.

6       Plaintiffs did not attempt to remedy any of these defects in their First Amended Complaint, nor

7   did they even allege the same RESPA violations.  See generally FAC, ECF No. 46.  Instead, they

8   allege that Defendants "are not the holder of the note . . . [and have] steadfastly refused to comply

9   with the lawful demand [Plaintiffs] made to produce the original note under [12 U.S.C. § 2605]."

10  FAC, ECF No. 46 at 4.

11      As the court explained in its prior order, Congress enacted RESPA to protect home buyers from

12  "unnecessarily high settlement charges by certain abusive practices."  12 U.S.C. § 2601(a).  It

13  provides plaintiffs with a private right of action for three types of wrongful acts: "(1) payment of a

14  kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a), (b); (2)

15  requiring a buyer to use a title insurer selected by a seller, 12 U.S.C. § 2608(b); and (3) the failure

16  by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified

17  written request for information about a loan, 12 U.S.C. §  2605(f)."  *Choudhuri v. Wells Fargo Bank,*

18  *N.A.,* No. C 11-00518 SBA, 2011 WL 5079480, at *8 (N.D. Cal. Oct. 25, 2011) (citing *Patague v.*

19  *Wells Fargo Bank, N.A.,* No. C 10-03460 SBA, 2010 WL 4695480, at *3 (N.D. Cal. Nov. 8, 2010)).

20  Failing to produce an "original note" is not among the acts prohibited by RESPA, so their claim

21  fails.

22      Because the court previously outlined the deficiencies with Plaintiffs' RESPA claim in its

23  11/21/2011 Order and Plaintiffs failed to correct them (or even attempt to correct them), and because

24  Plaintiffs' new claim is not actually a violation of RESPA, Plaintiffs' RESPA claim is DISMISSED

25  WITH PREJUDICE.  *See Lopez*, 203 F.3d at 1127; *Ferdik*, 963 F.2d at 1261.

26      2.  FDCPA

27      In its 11/21/2011 Order, the court dismissed with prejudice Plaintiffs' FDCPA claim against

28  Defendants.  11/21/2011 Order, ECF No. 39 at 8-9.  Their re-allegation of the claim, therefore, is

UNITED STATES DISTRICT COURT
For the Northern District of California

1  improper.  It remains dismissed with prejudice.

2  **B.  Plaintiffs' State Claims**

3      1.  First American's Qualified Litigation Privilege

4      In its 11/21/2011 Order dismissing Plaintiffs' Initial Complaint, the court determined that

5  Plaintiffs failed to allege sufficient facts to overcome First American's immunity from all of

6  Plaintiffs' state claims under California's qualified litigation privilege.  11/21/2011 Order, ECF No.

7  39 at 10-11 (discussing California Civil Code §§ 47 and 2429(d)).  The court dismissed without

8  prejudice Plaintiffs' state law claims against First American, but allowed Plaintiffs to amend their

9  complaint to allege that First American's conduct fell outside the protections granted to trustees in

10  non-judicial foreclosure proceedings.  *Id.* at 12.  As the court explained, to do so, Plaintiffs would

11  have to allege that First American, in instituting foreclosure proceedings, acted with malice or did

12  not rely in good faith on the information provided by the beneficiary.  *Id.* at 11.

13      Despite the court's guidance, Plaintiffs did not do so.  In light of Plaintiffs' failure or inability to

14  allege facts to demonstrate that the qualified litigation privilege does not apply, the court

15  DISMISSES WITH PREJUDICE all of Plaintiffs' state law claims against First American.  *See*

16  *Lopez*, 203 F.3d at 1127; *Ferdik*, 963 F.2d at 1261.  The remaining state law claims will be

17  examined only as they apply to Wells Fargo.

18      2.  Rosenthal Act

19      In their Initial Complaint, Plaintiffs brought a claim under the Rosenthal Act.[6]  The court

20

21  _____

22      [6] California's Rosenthal Act "regulates the collection of 'consumer debts,' which are defined
   as transactions by which 'property, services or money is acquired on credit . . . primarily for

23  personal, family, or household purposes."  *Quinlan v. Citimortgage, Inc.*, No. 2:11-cv-00986-MCE-
   EFB, 2011 WL 5299311, at *2 (E.D. Cal. Nov. 2, 2011).  It is intended to "to prohibit debt

24  collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts
   and to require debtors to act fairly in entering into and honoring such debts."  Cal. Civ. Code §

25  1788.1.  While providing its own standards governing debt-collection practices, the Rosenthal Act
   also provides, with limited exceptions, that "every debt collector collecting or attempting to collect a

26  consumer debt shall comply with the provisions of" the FDCPA.  Cal. Civ. Code § 1788.17.  One of
   these incorporated FDCPA provisions is the bar prohibiting debt collectors from using "any false,

27  deceptive, or misleading representation or means in connection with the collection of any debt."  *See*
   15 U.S.C. § 1692e.

28

UNITED STATES DISTRICT COURT
For the Northern District of California

1 dismissed the claim because it was based upon Defendants' alleged violation of the FDCPA (which

2 the court dismissed with prejudice), which, in turn, was based only Defendants' foreclosure-related

3 acts. 11/21/2011 Order, ECF No. 39 at 12-13.[7]  The court dismissed Plaintiffs' Rosenthal Act claim

4 without prejudice, though, because the definition of "debt collector" is somewhat broader under the

5 Rosenthal Act than it is under the FDCPA, so it was not clear that Plaintiffs could not plead a

6 sufficient Rosenthal Act claim. *Id.*[8]

7        In their First Amended Complaint, Plaintiffs, who do not cite to the Rosenthal Act at all, made

8 no attempt to address the deficiencies pointed out by the court in its 11/21/2011 Order. *See*

9 *generally* FAC, ECF No. 46.  As described above, Plaintiffs' First Amended Complaint largely is

10 focused on their argument that Defendants may not foreclose on their property without the original

11 note. *See generally id.*  For this reason, the court DISMISSES WITH PREJUDICE Plaintiffs'

12 Rosenthal Act claim. *See Lopez*, 203 F.3d at 1127; *Ferdik*, 963 F.2d at 1261.

13        3.  Fraud and Wrongful Foreclosure

14            I. Fraud

15        In their Initial Complaint, Plaintiffs brought numerous fraud-related claims.  Initial Complaint,

16

17 _____

18        [7] Courts in this district have held that unless the claim arises from activities "beyond the
scope of the ordinary foreclosure process," the Rosenthal Act does not apply to foreclosure
19 proceedings. *See Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667 JCS, 2011 WL 30759, at *19
(N.D. Cal. Jan. 3, 2011); *Collins v. Power Default Servs., Inc.,* No. 09-4838 SC, 2010 WL 234902,
20 at *3 (N.D. Cal. Jan. 14, 2010) ("the law is clear that foreclosing on a deed of trust does not invoke
21 the statutory protections of the [Rosenthal Act]").

22        [8] As the court previously explained, under the Rosenthal Act, a "debt collector" is defined as
23 "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or
others, engages in debt collection." Cal. Civ. Code § 1788.2(c).  A number of courts have
24 recognized that the definition of "debt collector" is broader under the Rosenthal Act than it is under
the FDCPA, as the latter excludes creditors collecting on their own debts. *See Austero v. Aurora
25 Loan Services, Inc.*, No. C-11-00490 JCS, 2011 WL 1585530, at *8 (N.D. Cal. Apr. 27, 2011);
*Herrera v. LCS Financial Services Corp.*, 2009 WL 5062192, at *2 (N.D. Cal. Dec.22, 2009);
26 *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal.2008).  "Thus, a mortgage
27 servicer may be a "debt collector" under the Rosenthal Act even if it is the original lender, whereas,
such an entity would be excluded from the definition of debt collector under the federal act."
28 *Austero*, 2011 WL 1585530, at *8 (citing *Herrera*, 2009 WL 5062192, at *2).

UNITED STATES DISTRICT COURT
For the Northern District of California

ECF No. 1 at 47-54, 56-63, 63-64, 65-66.[9]  Those claims were all based on Plaintiffs' allegations

that Defendants misrepresented or failed to disclose the true terms of the loan.  *Id.*  The court

dismissed these claims without prejudice because Plaintiffs' allegations did not distinguish between

any of the Defendants, were extremely vague, and came nowhere close to meeting Rule 9(b)'s

heightened pleading standards for fraud claims.  11/21/2011 Order, ECF No. 39 at 14-16.[10]

As already noted, Plaintiffs' First Amended Complaint contains virtually no new factual

allegations.  *See generally* FAC, ECF No. 46.  So, to the extent that Plaintiffs are still trying to

allege that Defendants misrepresented or failed to disclose the true terms of the loan, their claim

once again fails.  Plaintiffs only mention fraud when they state that Defendants have fraudulently

recorded documents with the Contra Costa County Recorder's Office, but this allegation has no

basis and is impermissibly vague.  FAC, ECF No. 6 at 5.  Because Plaintiffs did not even attempt to

add specificity to their fraud claim, it is DISMISSED WITH PREJUDICE.  *See Lopez*, 203 F.3d at

1127; *Ferdik*, 963 F.2d at 1261.

### ii.  Wrongful Foreclosure

Plaintiffs previously brought a claim for wrongful foreclosure, alleging that a foreclosure sale is

invalid because (1) Defendants do not possess the promissory note, (2) the foreclosure was not

executed in accordance with the foreclosure process set forth in California Civil Code §§ 1624,

2932.5 and 2924, and California Commercial Code § 3302 *et seq.,* and (3) Defendants lack standing

to conduct a non-judicial foreclosure sale pursuant to California Commercial Code § 3301.  Initial

---

[9] "The elements of fraud are (1) a misrepresentation of material fact, (2) knowledge of
falsity, (3) intent to defraud, (4) justifiable reliance and (5) damages. . . .  Under Cal. Civ. Code §
1572, liability for actual fraud is limited to acts committed with the intent to deceive another party
and induce that party to enter into the underlying contract."  *Allmerica Financial Life Ins. and
Annuity Co. v. Dalessio*, No. C-96-0385 VRW, 2006 WL 408538 at *3 (N.D. Cal. 2006); Cal Civ
Code § 1572.

[10] "'In all averments of fraud or mistake, the circumstances constituting fraud or mistake
shall be stated with particularity.'  Fed. R. Civ. Proc. 9(b).  The allegations must be 'specific enough
to give defendants notice of the particular misconduct which is alleged to constitute the fraud
charged so that they can defend against the charge and not just deny that they have done anything
wrong.'"  *Howl v. Bank of America*, N.A., No. C 11-887 CW, 2012 WL 929736 at *6 (N.D. Cal.
2012) (*citing Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir. 1985)).

UNITED STATES DISTRICT COURT
For the Northern District of California

1   Complaint, ECF No. 1 at 29, 39.

2       In its 11/21/2011 Order, the court found each of Plaintiffs' theories to be lacking and dismissed

3   Plaintiffs' claim without prejudice.  11/21/2011 Order, ECF No. 39 at 16-18.  First, the court

4   explained that Plaintiffs failed to allege that they could and would tender the amount due under their

5   loan.  *Id*. at 17.  The court stated:

6           Defendants first argue that Plaintiffs' wrongful foreclosure and quiet title claims fail
            because Plaintiffs lack standing to challenge the foreclosure process as they have
7           failed to tender the obligation in full.  Motion to Dismiss (Wells Fargo), ECF No. 4 at
            30; Motion to Dismiss (First American), ECF No. 8 at 19.  The court agrees.  *See*
8           *Ngoc Nguyen,* 749 F. Supp. 2d at 1033-34 (dismissing plaintiff's wrongful
            foreclosure and quiet title claims on the basis that they failed to tender the amount
9           due under the loan in full).  "[I]t is sensible to require that a trustor, whose default to
            begin with resulted in the foreclosure, give proof before the sale is set aside that he
10          now can redeem the property."  *U.S. Cold Storage v. Great W. Sav. & Loan Ass'n*,
            165 Cal. App. 3d 1214, 1222 (1985).  Accordingly, courts in this district have held
11          that when a foreclosure is pending a debtor must allege the ability to fully tender the
            obligation to proceed on a cause of action for wrongful foreclosure.  *Alicea v. GE*
12          *Money Bank*, C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009).
            And California courts apply the same tender rule to quiet title that applies in a
13          wrongful foreclosure action.  *Roque v. Suntrust Mortg., Inc.*, No. C–09–00040 RMW,
            2010 WL 546896, at *6 (N.D. Cal. Feb. 10, 2010).  Because Plaintiffs fail to allege
14          any ability or willingness to tender the amount owed under the note, Plaintiffs' claims
            for wrongful foreclosure and quiet title fail.

15

16  *Id*.

17      As Defendants point out, despite the court's guidance on this aspect of Plaintiffs' claim,

18  Plaintiffs' First Amended Complaint suffers from the same defect.  Nowhere do Plaintiffs allege a

19  valid and viable tender offer, as they must under California law.  *See generally* FAC, ECF No. 46.[11]

20  This alone is fatal to their wrongful foreclosure claim.

21      Even were the court to find that the tender rule should not apply in this case, Plaintiffs' claim

22

23          [11] "Under California law, in an action to set aside a trustee's sale, a plaintiff must

24  demonstrate that he has made a 'valid and viable tender [offer] of payment of the indebtedness.'"
    *Pantoja v. Countrywide Home Loan, Inc.*, 640 F. Supp. 2d 1177, 1184 (N.D. Cal. 2009) (quoting

25  *Karlsen v. American Sav. & Loan Assn.*, 15 Cal. App. 3d 112, 117 (1971)); *see also Arnolds Mgmt.*

26  *Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984) ("[A]n action to set aside a trustee's sale for
    irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of

27  the debt for which the property was security.)  "A plaintiff must (1) demonstrate a willingness to pay
    <u>and</u> (2) show the ability to pay."  *Pantoja*, 640 F. Supp. 2d at 1184 (citing *In re Worcester*, 811 F.2d

28  1224, 1231 (9th Cir. 1987)) (emphasis added).

C 11-01725
ORDER GRANTING MOTIONS TO DISMISS

UNITED STATES DISTRICT COURT
For the Northern District of California

1  would still fail.  They continue to allege that Defendants need the original note to foreclose, but this,

2  as the court previously explained, is not true under California law.  *See Pagtalunan v. Reunion*

3  *Mortg. Inc.*, No. C-09-00162 EDL, 2009 WL 961995 at *2 (N.D. Cal. 2009) ("California law does

4  not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust.

5  . . ."); *see also Ngoc Nguyen,* 749 F. Supp. 2d at 1035; *Putkkuri v. Recontrust Co.,* No. 08 CV 1919

6  WQH (AJB), 2009 WL 32567 (S.D. Cal. Jan. 5, 2009).   They again allege that Defendants violated

7  California Civil Code § 2932.5, but the court previously made clear that this statute does not apply

8  to deeds of trust.  11/21/2011 Order, ECF No. 39 at 17-18.  They also allege that Defendants acts

9  violated California Commercial Code §§ 1201(b)(21)(A) and 3309, but the court previously

10  explained that the California Commercial Code does not apply here.  11/21/2011 Order, ECF No. 39

11  at 18 (noting that non-judicial foreclosure is regulated exclusively by California Civil Code §§ 2924-

12  2924i).

13       In sum, Plaintiffs fail to allege a sufficient claim for wrongful foreclosure.  Their failure to allege

14  a valid and viable tender is fatal to their claim.  The court made this clear in its previous order, but

15  Plaintiffs failed to mentioned a tender at all in their First Amended Complaint.  In light of this

16  failure, the court DISMISSES WITH PREJUDICE Plaintiffs' claim for wrongful foreclosure.

17                                          **V.  CONCLUSION**

18       Based on the foregoing, the court GRANTS Defendants' motions to dismiss.  All of Plaintiffs'

19  claims are DISMISSED WITH PREJUDICE.

20       **IT IS SO ORDERED.**

21  Dated: April 9, 2012

22                                          _____
                                            LAUREL BEELER

23                                          United States Magistrate Judge

24

25

26

27

28